# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| OLUWADAYISI OMOSULE, | : | |
| Plaintiff, | : | Case No. 3:06CV021 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| UNITED AIRLINES INC., et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

### I.   INTRODUCTION

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2) as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") provides in part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal --
> (I) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a complaint is "frivolous," the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact? It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F. 3d 601 (6th Cir. 1997).

In enacting the original IFP statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the United States District Courts to dismiss an IFP Complaint if they are satisfied that the action is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

Viewing the Complaint through lens of §1915(e)(2)(B)(I), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.

**II.    OMOSULE'S PRIOR CASE AND PRESENT COMPLAINT**

In July 2004 Plaintiff filed a Complaint in this Court against United Airlines, Inc., and his supervisor, John O'Toole, asserting racial and national origin discrimination in regard to his employment. *Omosule v. United Airlines, Inc.,* Case No. 3:04cv0258. Following the close of discovery, Chief Magistrate Judge Michael R. Merz issued a Report and Recommendation (Doc. # 38) and a Supplemental Report and Recommendation (Doc. # 42) recommending that Defendants' Motion for Summary Judgment be granted and Plaintiff's Complaint be dismissed with prejudice. On January 17, 2006, District Judge Walter Herbert Rice adopted the Supplemental Report and Recommendation and ordered that Defendant's Motion for Summary Judgment be granted and the Complaint be dismissed with prejudice. (Doc. # 43).

Three days later, on January 20, 2006, Plaintiff filed the instant Complaint against United Airlines and Julian Van Bokhorst of United's human resources department. In his Complaint, Omosule alleges that he was discriminated against because of his sex, that he was paid less than other co-workers and that United has not paid him for hours worked. (Doc. # 2 at 5).

**III.    ANALYSIS**

In the instant case Omosule's Complaint is frivolous because it is barred by res judicata. "Courts apply the doctrine of res judicata to promote finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources." *Wilkins v. Jakeway,* 183 F.3d 528, 532 (6th Cir. 1999). "The doctrine of res judicata includes two separate concepts- issue preclusion and claim preclusion. Claim preclusion or true res judicata ... 'refers to the effect of a judgment in foreclosing litigation of a matter that has never been litigated, because of a determination that it should have been advanced in an earlier suit.'" *Wilkins,* 183 F.

3

3d at 532 (citation omitted). Claim preclusion bars litigation of a claim when four elements exist: "(1) a final decision on the merits; (2) a subsequent action between the same parties or their privies; (3) an issue in a subsequent action which should have been litigated in the prior action; and (4) an identity of causes of action." *Id.*

Omosule's prior Complaint resulted in a final decision on the merits. His present Complaint raises claims against the same party or its privies. The claims Omosule seeks to raise in this case all arise out of his employment with United Airlines and could have been litigated in the prior case. *Heyliger v. State Univ. And Cmty. Coll. Sys. Of Tenn.,* 126 F. 3d 849, 852 (6th Cir. 1997). It is precisely this type of duplication that res judicata seeks to prevent. *See Wilkins,* 183 F. 3d at 535 ("by bringing two suits arising from the same factual situation, counsel has engaged in the precise behavior the doctrine of res judicata seeks to discourage.").

Accordingly, res judicata bars Omosule's present claims and his Complaint must therefore be dismissed under 28 U.S.C. §1915(e).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be **DISMISSED** with prejudice; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal would not be taken in good faith and therefore denies Plaintiff leave to appeal *in forma pauperis*. If so certified, Plaintiff, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

January 27, 2006

                                          s/Sharon L. Ovington
                                              Sharon L. Ovington
                                              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).